```
                  UNITED STATES BANKRUPTCY COURT
                MIDDLE DISTRICT OF NORTH CAROLINA
                         DURHAM DIVISION
```

| | |
|---|---|
| IN RE: | |
| Eaton Ferry Sales and Service, Inc., | Case N. 80033C-7D |
|     Debtor. | |
| Branch Banking and Trust Company, | |
|     Plaintiff, | |
| v. | Adversary No. 06-9025 |
| GE Commercial Distribution Finance Corporation and Sara A. Conti, Chapter 7 Trustee for Eaton Ferry Sales and Service, Inc., | |
|     Defendants. | |

## OPINION AND ORDER

This adversary proceeding came before the court on December 14, 2006, for hearing on a motion by GE Commercial Distribution Finance Corporation ("GE") for dismissal for lack of jurisdiction or, in the alternative, for abstention. John D. Burns appeared on behalf of GE, Daniel C. Bruton appeared on behalf of the plaintiff and Sara A. Conti ("Trustee") appeared as Chapter 7 trustee for Eaton Ferry Sales and Service, Inc. ("Debtor"). Because the court has concluded that this court has at least related to jurisdiction pursuant to 28 U.S.C. § 1334 and that abstention is not warranted, the court has concluded that the

motion should be overruled and denied.

The Fourth Circuit has adopted the test set forth in <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984 (3d Cir. 1984), for determining whether a proceeding is related to a bankruptcy case. See <u>Owens-Illinois, Inc. v. Rapid American Corp. (In re Celotex)</u>, 124 F.3d 619, 625 (4th Cir. 1997). The Fourth Circuit has construed the <u>Pacor</u> test broadly by stating that the test "does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate. The possibility of such alteration or impact is sufficient to confer jurisdiction." <u>In re Celotex Corp.</u>, 124 F.3d at 626.

The complaint alleges that the Debtor fraudulently induced the plaintiff to advance loan proceeds to the Debtor and that the Debtor immediately used the loan proceeds to pay $254,380 to GE. The plaintiff alleges that the money transferred to GE is subject to an equitable lien or constructive trust and that plaintiff is entitled to recover the amount that was transferred to GE. The payment to GE by the Debtor occurred within ninety days of the petition in the Debtor's bankruptcy case and the Trustee has asserted a cross-claim against GE to recover $254,380 as a section 547 preferential transfer. The plaintiff seeks to recover the $254,380 from GE to the exclusion of the Trustee and seeks an adjudication that the money paid to GE by the Debtor "was not

property of the bankruptcy estate and therefore not recoverable by the Chapter 7 trustee as a preference or, in the alternative, to the extent that such funds are recoverable as a preference, determining that any recovery by the Chapter 7 trustee is subject to the lien interests of BB&T and that the bankruptcy estate is liable to BB&T for the return of such funds . . . ." If such relief is obtained in this proceeding, the court is satisfied that such outcome definitely would have an effect on the estate in the Debtor's case since such relief would result in the estate being diminished by the amount otherwise recoverable as a preference. The court is satisfied that such impact is sufficient at the very least to support related to jurisdiction with respect to this adversary proceeding and that the defendant's motion to dismiss for lack of jurisdiction therefore should be overruled and denied.

The court also concludes that GE's motion that this court voluntarily abstain from hearing this adversary proceeding likewise should be denied. This proceeding now includes a cross-claim by the Trustee against GE to recover $254,380 as a preferential transfer and GE has failed to show a sufficient basis for this court to abstain from deciding the matters involved in this proceeding.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED as follows:

(1) GE's motion to dismiss and for abstention shall be and hereby is overruled and denied; and

(2) GE shall have twenty days from the date of this order within which to file answer to the plaintiff's complaint.

This 15th day of December, 2006.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Daniel C. Bruton, Esq.
Walter Pitt, Esq         .
P.O. Box 21029
Winston Salem, NC 27120-1029

John D. Burns, Esq.
One Bank of America Plaza, Suite 1400
421 Fayetteville Street
Raleigh, NC 27601

Sara A. Conti, Trustee

Michael D. West, Bankruptcy Administrator